# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ADOLPH MARTIN NEAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:04cv1208 CAS |
| ) | TCM |
| AL LUEBBERS, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The 28 U.S.C. § 2254 petition of Adolph Neal ("Petitioner"), a former Missouri prisoner, for federal habeas corpus relief is before the undersigned United States Magistrate Judge for a review and a recommended disposition. See 28 U.S.C. § 636(b).

## Background

Petitioner was convicted of attempted forcible rape and sodomy after "sodomizing and then attempting to rape a 10-year old girl." **State v. Neal**, 661 S.W.2d 844, 844 (Mo. Ct. App. 1983). He was sentenced to two concurrent terms of 25 years' imprisonment. **Id.**

Petitioner was received by the Department of Corrections on September 10, 1982. (Pet. Ex. A.) His conditional release date and his mandatory release date were each September 30, 2001. (Id.)

Three days before, on September 27, Petitioner signed an order indicating that he had read the Conditions of Conditional Release, including that he would notify his Probation and

Parole Officer within 48 hours of any change of residence; he would report to that Officer as directed; and he would abide by any directives given him by the Officer. (Resp. Ex. 1 at 8.) He was also required to complete the work release program at St. Louis Community Release Center ("SLCRC") and was to abide by SLCRC's rules and regulations when staying there. (Id.) Petitioner was then released from confinement by conditional release on September 30. (Id. at 10.)

On January 29, 2003, Petitioner's probation was revoked for failure to notify his Officer of a change in residence, for failure to report as directed to his Officer, and for failure to abide by all applicable rules and regulations. (Id. at 6.) The Order of Revocation and a memorandum to the Records Office each indicates that a revocation hearing had been waived on January 15.[1] (Id. at 5,6.) The minimum and maximum release date were both September 30, 2006. (Id. at 3, 6.) He was scheduled for a parole hearing in May 2003. (Id. at 5.) On June 2, the Board of Probation and Parole informed Petitioner that he was scheduled for release from confinement on September 30, 2005. (Id. at 4.) He had to complete the Missouri Sexual Offenders Program ("MOSOP") prior to release. (Id.) Petitioner alleges in a verified habeas corpus petition filed with the Missouri Court of Appeals that he had completed Phase I of MOSOP in September 2001, but Respondents refused to place him in Phase II and instead extended his parole date. (Resp. Ex. 2 at 6, 12.)

---

[1]In a verified petition for habeas corpus filed with the Missouri Court of Appeals, Petitioner states that he waived his preliminary revocation hearing, but rescinded that decision on January 28, 2004. (Resp. Ex. 2 at 5.) In a petition filed with the Circuit Court of Pike County, Petitioner states that he rescinded his revocation on January 28, 2003. (Pet. Ex. at 2.) The undersigned will assume that this second date is correct.

On November 16, Petitioner informed the court of a change of address. (Doc. No. 16.) He can now be reached in care of a gentleman listed on his Face Sheet as an emergency contact. (Resp. Ex. 1 at 1.)

In his pending petition, Petitioner argues that his constitutional rights were violated when (1) his release on parole was extended to September 2005 because of minor, technical violations; (2) he was required to repeat MOSOP before being released on parole in 2005; (3) he was denied credit for time served when being ordered to report to SLCRC and was, consequently, not released from there until July 17, 2002; and (4) his parole was revoked without a hearing until six months after the revocation. Respondents contend that his petition is moot because Petitioner has since completed his sentence and been discharged from custody and, alternatively, is without merit. Petitioner does not dispute that he has completed serving his sentence and is no longer in custody of the State.

## Discussion

Once a habeas petitioner is released from custody, "some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." **Spencer v. Kemna**, 523 U.S. 1, 7 (1998). If the habeas petitioner is challenging his parole status, subsistence of the suit requires that continuing collateral consequences of the parole revocation be shown. **Id.** at 12. Such consequences are not presumed. **Id.** If no collateral consequences are shown, the case is mooted by the petitioner's release. **Leonard v. Nix**, 55 F.3d 370, 373 (8th Cir. 1995).

In **Lane v. Williams**, 455 U.S. 624, 625, 631 (1982), the Supreme Court concluded that, because the habeas petitioners had completed their sentences and were "no longer subject to any direct restraint as a result of the parole term," it was unable to reach the merits of their claim that the trial court had failed to advise them of a mandatory parole requirement. The Court noted that the petitioners' "liberty or freedom of movement [was] not in any curtailed by a parole term that ha[d] expired." **Id.** at 631 (alterations added).

In the instant case, Petitioner challenges his parole status, i.e., the extension or revocation of his parole or his release on parole being contingent on his completion of MOSOP. In other words, he is challenging determinations that affect the execution of his sentence or his being released on parole. He has, however, been discharged from that sentence. His petition is moot. See **Ashkenazi v. Attorney General of United States**, 346 F.3d 191, 192 (D.C. Cir. 2003) (habeas petition challenging as a ex post facto violation policy on assigning inmates to halfway houses was moot because policy could have no future effect on petitioner); **Bugarin-Juarez v. Weiss**, 76 Fed.Appx. 773, 774 (9th Cir. 2003) (habeas petition challenging the constitutionality of policy on transfer of inmates from halfway house to prison was rendered moot by petitioner's release from custody); **Vandenberg v. Rodgers**, 801 F.2d 377, 378 (10th Cir. 1986) (habeas petition challenging constitutionality of decisions that delayed release on parole was moot because petitioner had been released on parole). Cf. **Gentry v. Lansdown**, 175 F.3d 1082, 1083 (8th Cir. 1999) (habeas petition filed by parolee was not moot because parolee continued to be subject to

parole restrictions and remained in the legal custody of the Missouri Department of Corrections until the expiration of his sentence).

## Conclusion

"Through the mere passage of time, [Petitioner] [has] obtained all the relief that [he] [seeks]." **Lane**, 455 U.S. at 633 (alterations added). "[N]o live controversy remains," **id.** (alteration added); consequently, the petition must be dismissed as moot.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Adolph Martin Neal be **DISMISSED** as moot.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of July, 2007.